IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRITTANY YAPLE, Individually and as Heir-at-Law of John Brian Yaple, and RALPH YAPLE, as the Administrator of the Estate of John Brian Yaple,

      Plaintiffs,

      v.

JAKEL TRUCKING LLC and CHRISTOPHER JAMES ERION,

      Defendants.

Case No. 21-2045-JAR

## MEMORANDUM AND ORDER

Plaintiffs Brittany Yaple, individually and as heir-at-law of John Brian Yaple, and Ralph Yaple, as the Administrator of the Estate of John Brian Yaple, bring negligence claims under Kansas law against Defendants Jakel Trucking, Inc. ("Jakel") and Christopher J. Erion arising from an accident between John Brian Yaple's Ford F-150 pickup truck and a tractor-trailer owned by Defendant Jakel and driven by Erion. On May 2, 2022, Defendants' attorney filed a Suggestion of Death for Erion.[1]

Under Fed. R. Civ. P. 25(a)(1):

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

---

[1] Doc. 39.

Well over ninety days passed and no party had filed a motion to substitute, no objection to the suggestion of death had been filed, and, oddly, the issue of Erion's death was not addressed in the Pretrial Order filed on July 19, 2022.² Therefore, this Court ordered Plaintiffs to show cause in writing why their claims against Erion should not be dismissed under Rule 25(a)(1). In response, Plaintiffs argue that Defendant's Suggestion of Death failed to comply with the service requirement on nonparties in Fed. R. Civ. P. 25(a)(3), so the ninety-day clock for dismissal has not been triggered.³

The Court agrees with Plaintiffs that a suggestion of death must be served on the successor(s) or representative(s) of the decedent's estate under Rule 4.⁴ Here, the Certificate of Service attached to the Suggestion of Death states that it was electronically filed with the Court, which would send notice only to the parties in this action. There is no evidence it was served on the successor(s) or representative(s) of the decedent.⁵ Moreover, although not explicitly required by the rule, this Court and other district courts in the Tenth Circuit have required a suggestion of death to identify the decedent's representative(s) or successor(s) who may be substituted as a party.⁶ The Suggestion of Death in this case fails to meet this requirement, as well.

Therefore, the Court is satisfied that the May 2, 2022 Suggestion of Death filed by defense counsel is insufficient to trigger the ninety-day clock under Rule 25(a) and Erion's dismissal is not appropriate at this time. The burden is on the decedent's heirs/estate to "seek[]

---

² Doc. 48. The parties listed Erion's death as a stipulated fact, *id.* at 2, but otherwise do not address whether there is a plan for substituting him as a party.

³ Doc. 55.

⁴ Fed. R. Civ. P. 25(a)(3); *Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990).

⁵ *See Fehrenbacher v. Quackenbush*, 759 F. Supp. 1516, 1519 (D. Kan. 1991) ("[T]hough a time limit is still required for making this substitution, it is measured from the time the suggestion of the death has been served upon the parties to the action and other interested persons, not from the time the deceased party died.").

⁶ *See, e.g.*, *id.*; *Hamilton v. Kemper*, No. 17-00882-MSK-STV, 2018 WL 1616808, at *3 (D. Colo. Apr. 4, 2018).

appointment of a representative for the deceased defendant in order to" obtain "the benefit of starting the Rule 25(a) clock."[7]  The Court will consider the ninety-day clock in Rule 25(a)(1) to start running upon the date of service of a suggestion of death that complies with Rule 25(a)(3). The Court encourages the parties to address this issue in a timely manner given the procedural posture of this case—trial is set for April 25, 2023, and a partial motion for summary judgment filed by both Defendants is fully briefed and pending before the Court.

**IT IS SO ORDERED.**

Dated: November 18, 2022

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE

---

[7] *Hamilton*, 2018 WL 1616808, at *3.