IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRITTANY YAPLE, Individually and as Heir-at-Law of John Brian Yaple, and RALPH YAPLE, as the Administrator of the Estate of John Brian Yaple,<br><br>Plaintiffs,<br><br>v.<br><br>JAKEL TRUCKIG LLC and CHRISTOPHER JAMES ERION,<br><br>Defendants. | Case No. 21-2045-JAR |

## MEMORANDUM AND ORDER

Plaintiffs Brittany Yaple, individually and as heir-at-law of John Brian Yaple, and Ralph Yaple, as the Administrator of the Estate of John Brian Yaple, bring negligence claims under Kansas law against Defendants Jakel Trucking, Inc. ("Jakel") and Christopher J. Erion arising from an accident between John Brian Yaple's Ford F-150 pickup truck and a tractor-trailer owned by Jakel and driven by Erion. On May 2, 2022, Defendants' attorney filed a Suggestion of Death for Erion.[1] Because a motion for substitution had not subsequently been filed, the

---

[1] Doc. 39. The Suggestion of Death filed by the attorney representing Erion prior to his death does not specifically indicate on behalf of which Defendant it was filed. Rather, it is signed by Daniel H. Diepenbrock as the "attorney for Defendants Jakel Trucking, LLC and Christopher J. Erion." The Court notes that if filed on Erion's behalf, it would have no effect because the attorney-client relationship between Mr. Diepenbrock and Erion terminated upon Erion's death. *See* 7C Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1955 (3d ed.) ("the attorney for the deceased party may not make the statement noting death since the attorney is not a party to the action and, since the attorney's authority to represent the deceased terminated on the death, the attorney is not a representative of the decedent of the sort contemplated in the rule."); *see also Kasting v. Am. Fam. Mut. Ins. Co.*, 196 F.R.D. 595, 598 (D. Kan. 2000) (same); *Fehrenbacher v. Quackenbush*, 759 F. Supp. 1516, 1518 (D. Kan. 1991) (same). However, because Mr. Diepenbrock also represents the remaining Defendant in this action, "it appears that he could make the suggestion of death." *Hafen v. Wade*, No. 19-00916, 2022 WL 17061294, at *3 n. 16 (D. Utah Nov. 17, 2022).

Court issued an Order to Show Cause on November 14, 2022, ordering Plaintiffs to show cause why their claims against Erion should not be dismissed under Rule 25(a)(1).[2]

After considering Plaintiffs' response to the Order to Show Cause, the Court agreed that Defendant's Suggestion of Death failed to comply with the service requirement on nonparties in Fed. R. Civ. P. 25(a)(3) and that, therefore, the ninety-day clock for dismissal had not yet been triggered.[3] The Court encouraged the parties to address the substitution issue in a timely manner, as trial was set for April 25, 2023, and a partial motion for summary judgment was pending.[4] Thereafter, the Court granted summary judgment on the partial motion for summary judgment and set a firm trial date on May 10, 2023.[5] Now before the Court are briefs from both parties addressing Rule 25(a)'s application to this case.

As explained in this Court's Order, to start the ninety-day clock under Rule 25(a), the Suggestion of Death must be served on Erion's representative(s) *or successor(s)*.[6] Both parties' briefs seem to overlook the "successor" portion of this requirement, and instead focus solely on the fact that there is no "representative" for Erion because an estate has not been (and apparently, will not be) opened, and on which party should therefore bear the cost of opening an estate for Erion to appoint such a representative. While the service requirement under Rule 25(a) is most often met by serving the representative of a decedent's estate, that is not the only method of compliance. Indeed, the service requirement provides an alternative—allowing service of the

---

[2] Doc. 54.

[3] Doc. 56.

[4] *Id*.

[5] *See* Docs. 57, 60.

[6] *See, e.g., Sanabria v. Sanabria*, No. 09-2319-KHV, 2009 WL 4730214, at *2 (D. Kan. Dec. 4, 2009) (construing the Tenth Circuit's decision in *Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir. 1990) to require the party suggesting death to serve that suggestion on the decedent's successors or representatives); *Hippen v. Griffiths*, No. 90-2024-V, 1991 WL 152833, at *1 (D. Kan. July 9, 1991) (noting that one of the requirements of Rule 25(a)(1) is that the suggestion of death be served on the successors or representatives of the decedent).

Suggestion of Death on a successor (such as, perhaps, Erion's surviving spouse) in order to start the ninety-day clock.[7]

Given the procedural posture of this case—with trial now set for May 10, 2023—and that the parties have had ample time to consider these issues, the Court again encourages the parties to expeditiously resolve this issue, in one of the following ways:

If Defendant wishes to obtain the benefit of starting the ninety-day clock under Rule 25(a)(1), Defendant shall serve the Suggestion of Death on Erion's successor or representative no later than 14 days after the entry of this Order. Upon the date of such service, the Rule 25(a)(1) clock will begin to run, giving Plaintiffs (or Defendant, or Erion's successor or representative)[8] ninety days to file a motion for substitution. However, the parties need not wait for service of the Suggestion of Death to be effectuated before filing such a motion.[9]

In the alternative, if Defendant fails to serve the Suggestion of Death on Erion's successor or representative within the allotted timeframe such that the ninety-day clock is never triggered, a motion for substitution must nevertheless be filed by one of the parties no later than April 10, 2023. The parties are directed to inform the Court as soon as is practicable if there are any issues complying with this Order so that a telephonic conference can promptly be scheduled to resolve them.

---

[7] *See, e.g., Tucker v. Social Sec. Admin*, No. 05-2249-CM, 2006 WL 2540391, at *1 (D. Kan. Mar. 16, 2006) (finding that service was completed, as required under Rule 25, where no probate estate had been opened on behalf of deceased plaintiff and defendants served plaintiff's daughter and heir with the suggestion of death); *see also Eckerman v. Wells Fargo Bank, N.A.*, No. 17-cv-02636-PAB-STV, 2018 WL 3219897, at *2 (D. Colo. June 29, 2018) (finding that decedent's sole heir was the decedent's "successor" for purposes of Rule 25(a)).

[8] A motion for substitution "may be made by *any party or by the decedent's successor or representative*." Fed. R. Civ. P. 25(a)(1) (emphasis added).

[9] *See, e.g., Fehrenbacher* 759 F. Supp. at 1519 ("It is not necessary that a suggestion of death be made on the record before a motion for substitution can be made." (quoting 7C Wright & Miller & Kane, *Federal Practice and Procedure, Civil* § 1956 at 550-551)); *see also Hafen*, 2022 WL 17061294 at *3 (noting that the motion to substitute could be renewed even if the suggestion of death had not yet been properly served).

**IT IS SO ORDERED.**

Dated: February 24, 2023

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE