IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRITTANY YAPLE, Individually and as Heir-at-Law of John Brian Yaple, and RALPH YAPLE, as the Administrator of the Estate of John Brian Yaple,<br><br>Plaintiffs,<br><br>v.<br><br>JAKEL TRUCKING LLC and CHRISTOPHER JAMES ERION,<br><br>Defendants. | Case No. 2:21-CV-02045-JAR |

## MEMORANDUM & ORDER

This case is before the Court on the Motion for Leave to Dismiss Certain Claims Without Prejudice (Doc. 68) of Plaintiffs Brittany Yaple, individually and as heir-at-law of John Brian Yaple, and Ralph Yaple, as administrator of the Estate of Brian Yaple. The motion is fully briefed and the Court is prepared to rule. For the reasons discussed below, the Court grants Defendant's requests for conditions to be placed on the dismissal without prejudice. Plaintiffs' motion for dismissal without prejudice is therefore **deferred**. Plaintiffs shall have until May 2, 2023 to withdraw their motion to dismiss without prejudice if they determine the conditions are too onerous. Absent a motion to withdraw by this deadline, the Court will grant the motion in accordance with this Order.

### I.     Background

Plaintiffs filed this case on January 28, 2021, alleging two negligence claims under Kansas law against Defendants Jakel Trucking, Inc. ("Jakel") and Christopher J. Erion arising from an accident between decedent John Brian Yaple's Ford F-150 pickup truck and a tractor-trailer owned by Defendant Jakel and driven by Defendant Erion. First, Plaintiffs allege a

negligence claim based on Defendant Erion's acts or omissions while acting in the course and scope of his employment with Defendant Jakel—a respondeat superior theory. Second, Plaintiffs allege a negligence claim against Defendant Jakel based on its own conduct, including failure to exercise reasonable care in hiring Defendant Erion, entrusting and equipping him with the trucking rig used in the accident, and failing to properly train him.

On May 2, 2022, Defendants' attorney filed a Suggestion of Death for Defendant Erion,[1] but did not properly serve it on Defendant Erion's representative(s) or successor(s) and, as a result, a motion for substitution was never filed by either party. With a firm trial date of May 10, 2023 rapidly approaching, on February 24, 2023, the Court ordered that if Defendants did not properly serve the Suggestion of Death by March 10, 2023, the parties were to file a motion for substitution for Defendant Erion by April 10, 2023.[2]

Instead of filing a motion for substitution on April 10, 2023, however, Plaintiffs filed the present motion[3] pursuant to Fed. R. Civ. P. 41(a)(2) seeking to voluntarily dismiss without prejudice the claims of Plaintiff Ralph Yaple, as Administrator of the Estate of John Brian Yaple, against both Defendants, and the claims of Plaintiff Brittany Yaple against Defendant Erion only. If granted, only Plaintiff Brittany Yaple's claims against Jakel would remain. Defendant Jakel objects to Plaintiffs' motion on the basis that if Plaintiffs' claims are to be dismissed, they should be dismissed with prejudice. Alternatively, Defendant urges the Court to place certain conditions on a dismissal of these claims without prejudice.

---

[1] Doc. 39.

[2] Doc. 65.

[3] Doc. 68.

**II.     Standard**

Federal Rule of Civil Procedure 41(a)(2) controls voluntary dismissals after the opposing party has filed an answer and provides, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."[4] "Prejudice does not arise simply because a second action has been or may be filed against the defendant."[5] Rather, the Tenth Circuit evaluates prejudice by considering "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation."[6] "These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case."[7] In deciding whether to grant a plaintiff's motion to dismiss without prejudice, "'[t]he district court should endeavor to insure substantial justice is accorded to both parties,' and therefore the court 'must consider the equities not only facing the defendant, but also those facing the plaintiff.'"[8]

Rule 41(a)(2) permits a court to impose "terms and conditions as the court deems proper."[9] The conditions should keep the parties in the same position in a subsequent lawsuit

---

[4] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

[5] *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005) (citation omitted).

[6] *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021) (quoting *Brown*, 413 F.3d at 1124).

[7] *Id.* (quoting *Brown*, 413 F.3d at 1124).

[8] *County of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1048 (10th Cir. 2002) (quoting *Ohlander*, 114 F.3d at 1537).

[9] *Brown*, 413 F.3d at 1123 (citation omitted).

that they occupied before the plaintiff filed its motion to dismiss.[10] When a court does impose conditions, it must give the plaintiff an opportunity to withdraw its request for dismissal.[11]

## III. Discussion

Plaintiffs move to dismiss without prejudice both claims against Defendant Erion, as well as the claims by Plaintiff Ralph Yaple, as Administrator of the Estate for John Brian Yaple, against Defendant Jakel. Plaintiffs seek to dismiss these claims because Defendant failed to serve a valid Suggestion of Death for Defendant Erion, and Plaintiffs hope to avoid filing a motion for substitution.

Defendant Jakel opposes Plaintiffs' motion for dismissal without prejudice, and argues that if Plaintiffs' claims are to be dismissed, they should either be dismissed with prejudice or, if without prejudice, with the inclusion of the following conditions upon Plaintiffs' refiling: (1) payment to Defendant in the amount of $22,500.00 as attorneys' fees estimated to be incurred in trying the same case a second time; (2) discovery will be determined to be complete upon re-filing, and that the same discovery, including depositions, documents exchanged, and experts designated, will be the same as in this case; and (3) that upon the new case being at issue, a final pretrial conference will be scheduled.[12]

In response, Plaintiffs first assert that Defendant's argument regarding duplicative trials is insufficient to establish legal prejudice. With regard to Defendant's request for the imposition of

---

[10] *See Pyles v. Boeing Co.*, 109 F. App'x 291, 294 (10th Cir. 2004) ("Because the magistrate judge carefully crafted the conditions of her order to maintain the position that the parties had held before plaintiff's motion, we hold that there has been no abuse of discretion.").

[11] *Hall v. Great S. Bank*, No. 09-2600-CM, 2010 WL 4366110, at *1 (D. Kan. Oct. 28, 2010).

[12] Defendant also requested leave to file a sur-reply to Plaintiffs' reply. The Court denies this request, as Plaintiffs' reply did not raise any new issues or arguments that necessitate a sur-reply.

certain conditions if Plaintiffs' claims are dismissed without prejudice, Plaintiffs argue that there is no legal authority for the imposition of such conditions.

### A. The Legal Prejudice Factors Weigh in Favor of Dismissing the Claims Without Prejudice

Consideration of the factors set forth above counsel in favor of granting Plaintiffs' motion for dismissal without prejudice. As Plaintiffs point out, the mere fact that another lawsuit based on these claims could be filed is insufficient to establish legal prejudice.[13] And the Court is unpersuaded by Defendant's remaining arguments regarding its legal prejudice. Indeed, while it is true that Plaintiffs' motion for voluntary dismissal was made after the close of discovery and just prior to the start of trial, that is due to no fault of Plaintiffs. Rather, as Plaintiffs sufficiently explain, it is due to the fact that Defendant Erion passed away and adequate notice of a successor or representative for him was never provided. Finally, any risk of duplicative efforts or expenses in preparing for trial can and will be rectified by the Court's imposition of certain condition, as set forth below. For these reasons, the Court grants Plaintiffs' motion to dismiss the claims without prejudice, subject to such conditions.

### B. Due to the Risk of Subsequent, Duplicative Litigation, the Court Will Impose Certain Conditions on Plaintiff's Refiling

To ameliorate any potential risk of subsequent, duplicative litigation, the Court can craft conditions upon dismissal without prejudice designed to cure any such prejudice. First, with respect to attorney fees, "[w]hen a plaintiff dismisses an action without prejudice . . . [the defendant] faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him."[14] As a result, "[t]ypically, 'a court imposes as a term and condition of dismissal [without

---

[13] *See Brown*, 413 F.3d at 1123 (citing *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)).

[14] *AeroTech, Inc. v. Vernon Estes*, 110 F.3d 1523, 1527 (10th Cir. 1997).

prejudice] that plaintiff pay the defendant the expenses he has incurred in defending the suit, which usually includes reasonable attorney's fees.'"[15]  "Generally, however, the attorney's fees are limited to those that will not prove useful in subsequent litigation."[16]

Here, while Plaintiffs have not explicitly stated an intention to refile the dismissed claims, the risk of duplicative fees remains.  While it is appropriate to condition dismissal without prejudice on Plaintiffs' payment of Defendant's attorney fees that are duplicated in a subsequent litigation, the Court will not condition dismissal without prejudice upon an award of $22,500 in attorneys' fees as Defendant requests.  If Defendant incurs duplicative fees and expenses in a subsequent lawsuit, then Defendant may move this Court for reimbursement of those duplicative fees and expenses at the end of the subsequent lawsuit(s).  Defendant must "provide a detailed showing of the fees and expenses incurred that [it] believe[s] are duplicative."[17]  The Court will retain jurisdiction over the limited issue of attorney fees and expenses arising out of the dismissed actions.[18]

Second, the Court agrees with Defendant that there is a risk of legal prejudice if Plaintiffs file a new lawsuit and seek to start discovery of this matter over from scratch.  Factors such as Defendant's effort and expense in preparing for trial, as well as the present stage of litigation, support this finding of potential prejudice.  Defendant has expended time and money preparing for a trial against Defendant Erion, including completing discovery regarding these claims.

---

[15] *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 810 (10th Cir. 2002) (second alteration in original) (quoting *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994)).

[16] *Hill v. Pope*, No. 07-CV-02722, 2009 WL 321789, at *4 (D. Colo. Feb. 9, 2009) (first citing *Aerotech*, 110 F.3d at 1527; and then citing *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985)).

[17] *See, e.g.*, *Snyder Ins. Servs., Inc. v. Kulin-Sohn Ins. Agency, Inc.*, No. 16-2535-DDC-GEB, 2019 WL 464874, at *7 (D. Kan. Feb. 6, 2019); *Hill*, 2009 WL 321789, at *2.

[18] *See Snyder*, 2019 WL 464874, at *7; *Hill*, 2009 WL 321789, at *4 (citing *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1553 (10th Cir. 1996)).

Defendant would be required to duplicate these expenses if Plaintiffs opt to file a new lawsuit asserting the same claims against Defendant Erion's representative or successor (as well as Plaintiff Ralph Yaple's claims against Defendant Jakel).  Therefore, to offset this risk, the Court grants Defendant's request to impose upon Plaintiffs' refiling the additional condition that discovery will be deemed complete upon re-filing, and that the same discovery, including depositions, documents exchanged, and experts designated, will be the same as in this case.

Because Plaintiffs have the right to withdraw their motion to dismiss if they determine that the conditions imposed by the Court are too onerous, the Court gives Plaintiffs until May 2, 2023, to withdraw their motion.  If Plaintiffs do not withdraw their motion, then this Order granting their motion to dismiss without prejudice on the stated conditions will take effect.  If Plaintiffs do withdraw their motion, this Order will have no effect on the parties and the matters addressed herein.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Leave to Dismiss Certain Claims Without Prejudice (Doc. 68) is **deferred**.  Plaintiffs have until May 2, 2023, to file a motion to withdraw the motion to dismiss without prejudice.  If Plaintiffs have not withdrawn the motion to dismiss by the May 2 deadline, the Court will grant the motion to dismiss this case without prejudice subject to the conditions outlined in this Order.

**IT IS SO ORDERED.**

Dated: April 24, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
