## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BRITTANY YAPLE, Individually and as Heir-
at-Law of John Brian Yaple,

      Plaintiff,

      v.

JAKEL TRUCKING LLC,

      Defendant.

Case No. 2:21-CV-02045-JAR

### MEMORANDUM AND ORDER

This matter comes before the Court on the following motions: Plaintiff's Motion in Limine (Doc. 84); Defendant's Motion in Limine (Doc. 89); and Defendant's Amended Motion to Admit Cell Phone Audio Recordings Under Residual Hearsay Exception (Doc. 96).[1]  These motions were fully briefed in advance of trial, and the Court orally ruled on them during a hearing on May 2, 2023.  The Court's rulings were read into the record and are summarized below.

**Plaintiffs' Motion in Limine (Doc. 84)**

**1.**      **Opinions of Investigating Officers Regarding the Cause of the Wreck or Fault**

Plaintiff asks the Court to exclude evidence of and testimony from investigating officers regarding their opinions as to the cause of the accident and fault.  Because Defendant does not intend to offer evidence of or elicit testimony from the investigating officers regarding their opinions as to cause and fault, the Court sustained this motion as moot.  However, the Court will

---

[1] At the May 2 hearing, the Court also considered the parties' witness and exhibit list objections (Docs. 85, 88, 90, 91).  All such objections were either sustained as moot, deferred for ruling on contemporaneous objections, or subsumed by the Court's rulings on the parties' motions in limine.

allow evidence of and testimony regarding the investigating officers' physical findings and observations at the scene.

2.  **Kansas Highway Patrol ("KHP") Trooper Brian Horney's Original and Amended Critical Highway Accident Response Team ("CRASH") Reports and Officer Neil Stanley's Report**

Plaintiff asks the Court to exclude the KHP Narrative Reports as well as the KHP CRASH Report.  Because the Defendant does not intend to offer these reports into evidence, the Court sustained this motion as moot.  However, the Court will allow Defendant to use these reports to impeach a witness or to refresh a witness's recollection.

3.  **Comparative Fault Contentions Not Properly Pleaded or Supported by the Evidence**

Plaintiff asks the Court to exclude any argument made by Defendant regarding comparative fault contentions that were not properly plead such as any reference to the Decedent being distracted by his dog.  Defendant argued that evidence of distraction that could lead to an accident fell within the scope of failing to keep a proper lookout, which was properly pled by Defendant.  The Court agreed and overruled this motion on that basis, but invited Plaintiff to object contemporaneously if Defendant offers evidence or testimony that goes beyond that.

4.  **Collateral Source Information**

Plaintiff asks the Court to exclude any evidence regarding insurance or collateral source of payments and benefits.  Because Defendant does not intend to offer such evidence and also sought its exclusion, the Court sustained this motion as moot.

5.  **Plaintiff's Attorney-Client Relationship**

Plaintiff asks the Court to exclude any questions about Plaintiff's relationship with counsel and evidence of when or why Plaintiff contacted or hired counsel.  Because Defendant does not intend to offer such evidence, the Court sustained this motion as moot.

6.      **Plaintiff Brittany Yaple's Criminal Conviction**

Plaintiff asks the Court to exclude Plaintiff Brittany Yaple's criminal conviction for statutory rape and statutory sodomy.  Defendant does not intend to mention Plaintiff's criminal convictions during voir dire or opening statements, but does intend to impeach Plaintiff with the convictions during her testimony.  The Court took this motion under advisement and will rule on it when Defendant indicates to the Court that he is going to use the convictions to impeach Plaintiff.  The Court found that evidence of Plaintiff's convictions may be admissible under Federal Rule of Evidence 609 subject to an analysis under Federal Rule of Evidence 403, and indicated under Rule 403, the Court would likely allow evidence of the fact that Plaintiff had criminal convictions, but exclude any reference to the basis or nature of such convictions.

7.      **Christopher Erion's Phone Recordings**

Plaintiff asks the Court to exclude Christopher Erion's phone recordings as inadmissible hearsay.  The Court sustained this motion as moot as it was resolved by the Court's ruling overruling Defendant's Amended Motion to Admit Cell Phone Audio Recordings Under Residual Hearsay Exception.

**Defendant's Motion in Limine (Doc. 89)**

1.      **Erion's Prior and Subsequent Passenger Car Accidents, Speeding Tickets, or Other Traffic Violations, and his Charge and Conviction of DWI**

Defendant asks the Court to exclude Christopher Erion's prior and subsequent passenger car accidents, speeding tickets, or other traffic violations, as well as his charge and conviction of DWI.  The Court reserved ruling on these motions until contemporaneous objections are made but cautioned Plaintiff that she will need to establish a connection between the evidence sought to be admitted and the accident at issue.

4. **Golden Rule Arguments**

Defendant asks the Court to exclude golden rule arguments—suggestions that the jurors put themselves in the place of the plaintiff. The Court reserved ruling on this motion until contemporaneous objections are made.

5. **Erion's Medical Condition that Caused his Death Three Years After the Accident**

Defendant asks the Court to exclude evidence or mention of the medical condition that caused Erion's death three years after the accident. Because Plaintiff does not intend to offer such evidence, the Court sustained this motion as moot. However, the Court may discuss the fact that Erion passed away of unrelated causes after the accident during voir dire to explain why he is not present at the trial. The Court will also permit Plaintiff to explain the same during her opening statement.

6. **Plaintiff's Use of a "Reptile Theory"**

Defendant asks the Court to exclude "reptile theory" arguments—arguments regarding personal safety or community safety. The Court reserved ruling on this motion until contemporaneous objections are made.

7. **References to Insurance**

Defendant asks the Court to exclude references to insurance. Because Plaintiff does not intend to offer such evidence, and also sought to exclude it, the Court sustained this motion as moot.

8. **Arguments that Defendants Have Not Taken Responsibility for Their Actions**

Defendant asks the Court to exclude arguments that Defendant has not taken responsibility for its actions. The Court reserved ruling on this motion until contemporaneous objections are made.

**9.      Witness Testimony Regarding Credibility of Other Witnesses**

Defendant asks the Court to exclude testimony from witnesses that would be concerning the credibility of other witnesses.  Because Plaintiff does not intend to elicit such testimony, the Court sustained this motion as moot.

**10.     Reference to Pleadings, Motions, Orders, or Arguments Made at Any Time During Litigation**

Defendant asks the Court to exclude any arguments or positions taken in pleadings, motions, or briefs as they are not evidence.  Because Plaintiff does not intend to make offer such evidence, the Court sustained this motion as moot.

**11.     That Defendant's Counsel Made "Promises" in Opening Statement**

Defendant asks the Court to exclude any reference by Plaintiff's counsel that promises were made during Defendant's opening statement.  The Court reserved ruling on this motion until contemporaneous objections are made.

**12.     Statements Suggesting that the Jury Can Do Whatever It Wants**

Defendant asks the Court to exclude any reference by Plaintiff's counsel that the jury can do anything it wants in deciding the case.  Because Plaintiff does not intend to make such references, the Court sustained this motion as moot.

**13.     Opinions of Disclosed Experts Shall be Limited to the Opinions Disclosed**

Defendant asks the Court to exclude opinions of disclosed experts that were not disclosed.  The Court reserved ruling on this motion until contemporaneous objections are made.

**Defendant's Amended Motion to Admit Cell Phone Audio Recordings Under Residual Hearsay Exception (Doc. 96)**

Defendant asks the Court to admit cell phone audio recordings of phone calls between Erion and 911 dispatch, as well as friends, family, and co-workers on the day of the accident under the residual hearsay rule—Federal Rule of Evidence 807.  The Court overruled and denied

this motion, finding that because Erion had a motive to protect himself when making the statements in the recordings about what happened in the accident and such statements cannot be tested through cross-examination, the statements therein lacked the requisite circumstantial evidence of trustworthiness to warrant admission under the residual hearsay rule.

**IT IS SO ORDERED.**

Dated: May 4, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
