IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRITTANY YAPLE, Individually and as Heir-at-Law of John Brian Yaple,<br><br>Plaintiff,<br><br>v.<br><br>JAKEL TRUCKING LLC,<br><br>Defendants. | Case No. 2:21-CV-02045-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Brittany Yaple's Motion for Reconsideration (Doc. 139). The motion is fully briefed and the Court is prepared to rule. For the reasons explained below, the Court grants Plaintiff's motion.

On May 17, 2023, a jury rendered a verdict in favor of Plaintiff Brittany Yaple on negligence claims under Kansas law against Defendant Jakel Trucking, LLC. The Court entered judgment on the verdict on May 18, 2023 in the amount of $588,000.[1] Defendant filed a Motion to Modify (Alter or Amend) Judgment on June 1, 2023, asking the Court to reduce the noneconomic damages award to $250,000 pursuant to the damages cap for wrongful death cases in K.S.A. § 60-1903.[2] The Court granted Defendant's motion and directed the clerk to enter an amended judgment in the total amount of $413,000.[3] The amended judgment was entered on July 27, 2023.[4]

---

[1] Doc. 127.

[2] Doc. 129.

[3] Doc. 137.

[4] Doc. 138.

The next day, Plaintiff filed the Motion for Reconsideration, asking the Court to reconsider and vacate its Memorandum and Order and Amended Judgment.[5] In her motion, Plaintiff makes two requests. First, Plaintiff asks the Court to award her damages in the amount of $488,000, as opposed to $413,000. Plaintiff explains that under K.S.A. § 60-1903, deductions for comparative fault must be made before reducing noneconomic loss exceeding the statutory cap and, accordingly, the amended judgment amount should have been $488,000 instead of $413,000.[6] In response, Defendant concedes that the amended judgment amount should be $488,000.[7] Therefore, the Court grants this portion of Plaintiff's motion and will direct the clerk to vacate the Amended Judgment and enter a Second Amended Judgment in the amount of $488,000.

Second, Plaintiff requests that the Second Amended Judgment include an award to her for post-judgment interest pursuant to 28 U.S.C. § 1961. Defendant appears to concede that Plaintiff is entitled to postjudgment interest in accordance with 28 U.S.C. § 1961, but argues that the Court should not "enter judgment" for it.[8] In support of its position, Defendant states that "[u]pon payment of the judgment and accrued interest by Defendant, Plaintiff is then obligated to file a release and satisfaction of judgment."[9] The Court is not persuaded by Defendant's argument or reasoning. While postjudgment interest "automatically accrues from the date of judgment even absent . . . express inclusion in the judgment itself,"[10] the Tenth Circuit has held

---

[5] Doc. 139.

[6] *Id*. at 1.

[7] Doc. 141 at 1.

[8] *Id*.

[9] *Id*.

[10] *Grimsley v. MacKay*, 93 F.3d 676, 678 (10th Cir. 1996).

that post-judgment interest "should be . . . 'included in a final, appealable judgment.'"[11] Therefore, the Court will direct the Clerk to include in the Second Amended Judgment an award for postjudgment interest pursuant to 28 U.S.C. 1961.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 139) is **granted**.  The clerk is directed to vacate the Amended Judgment (Doc. 138), and enter a Second Amended Judgment awarding Plaintiff $488,000, plus postjudgment interest pursuant to 28 U.S.C. § 1961.

**IT IS SO ORDERED.**

Dated: September 11, 2023

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE

---

[11] *Wilson v. Union Pac. R.R.*, 56 F.3d 1226, 1233 (10th Cir. 1995) (quoting *MidAmerica Fed. Sav. & Loan v. Shearson/Am. Express, Inc.*, 962 F.2d 1470, 1476 (10th Cir. 1992)).