IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRITTANY YAPLE, Individually and as Heir-at-Law of John Brian Yaple,

  Plaintiff,

v.

JAKEL TRUCKING LLC,

  Defendants.

Case No. 2:21-CV-02045-JAR

## MEMORANDUM AND ORDER

On May 17, 2023, a jury returned a verdict in favor of Plaintiff Brittany Yaple on negligence claims under Kansas law against Defendant Jakel Trucking, LLC. The Clerk entered Judgment awarding Plaintiff $488,000, plus post-judgment interest under 28 U.S.C. § 1961.[1] Plaintiff filed a Bill of Costs, requesting $27,541.19. On November 20, 2023, the Clerk taxed costs in the amount of $15,223.49. Before the Court is Defendant Jakel Trucking, LLC's Motion to Review and Reduce Taxation of Costs (Doc. 150). The motion is fully briefed, and the Court is prepared to rule. As described more fully below, the Court denies Defendant's motion to review and reduce the Clerk's award of costs.

**I. Standard**

Under Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."

---

[1] Doc. 143.

The term "costs" in Rule 54(d) is defined by 28 U.S.C. § 1920.[2] The statute contains six categories of taxable costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.[3]

"[T]axable costs under Rule 54(d) . . . represents those expenses, including, for example, court fees, that a court will assess against a litigant."[4] They are narrow in scope, "limited to relatively minor, incidental expenses as is evident from § 1920."[5] And the Supreme Court has made clear that "the 'discretion granted by Rule 54(d) is not a power to evade' the specific categories of costs set forth by Congress."[6]

The prevailing party bears the burden of showing the amount of costs to which it is entitled, which must be "reasonable."[7] "Once a prevailing party establishes its right to recover

---

[2] *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012) (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)).

[3] 28 U.S.C. § 1920.

[4] *Taniguchi*, 566 U.S. at 573 (quoting 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2666, pp. 202–203 (3d ed. 1998)).

[5] *Id.*

[6] *Id.* at 572 (quoting *Crawford Fitting Co.*, 482 U.S. at 442).

[7] *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009).

allowable costs, however, the burden shifts to the 'non-prevailing party to overcome' the presumption that these costs will be taxed."[8]

**II.     Discussion**

The Clerk taxed costs as follows: fees of the Clerk and Marshal, $722.02; fees for printed or electronically recorded transcripts necessarily obtained for use in the case, $6,950.44; fees for witnesses, $2,967.04; and fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case, $4,583.99.  Defendant does not object to the Clerk and Marshal fees, but objects to the remaining costs taxed.

**A.     Transcripts**

The Clerk taxed $6,950.44 in costs for this category of fees, associated with the written and videotaped deposition transcripts of three witnesses: Christopher Erion, Jared Jackel, and Trooper Horney.  Defendant first objects that costs should not be taxed for videotaped depositions and argues that only the fees associated with written transcripts are recoverable under the statute.  Moreover, Defendant maintains that recent Tenth Circuit law provides that these costs should only be taxed if they "were offered into evidence, were not frivolous, and were within the bounds of vigorous advocacy."[9]  Because neither Jackel nor Trooper Horney's deposition testimony was offered into evidence, Defendant argues that fees for them should not have been taxed.  Therefore, Defendant contends that only fees associated with the written deposition transcript for Erion should have been taxed, in the total amount of $1201.70.

---

[8] *Id.* (quoting *Rodriguez v. Whiting Farms, Inc*., 360 F.3d 1180, 1190 (10th Cir. 2004)).

[9] *Valdez v. Macdonald*, 66 F.4th 796, 837 (10th Cir. 2023) (quoting *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009)).

3

Under the statute, fees for "printed or electronically recorded transcripts" are taxable if they are "necessarily obtained for use in the case."[10] The Tenth Circuit discussed this standard in *In re Williams Securities Litigation-WCG Subclass*: "Our cases establish that if deposition transcripts or copies were 'offered into evidence,' were 'not frivolous,' and were 'within the bounds of vigorous advocacy,' costs may be taxed. This standard recognizes that 'caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation,' including the 'possibility of trial.'"[11] In applying this standard, the Court is not to "employ the benefit of hindsight."[12] Instead, the Court must consider whether the materials were reasonably necessary based "on the particular facts and circumstances at the time the expense was incurred."[13]

Defendant first objects to an award of fees associated with videotaped depositions, arguing that under the Supreme Court's 2012 decision in *Taniguchi v. Kan Pacific Saipan, Ltd.*, the Court must narrowly construe § 1920,[14] and that "transcript" only means a written transcription. Defendant offers no authority that, post-*Taniguchi*, fees for videotaped depositions are categorically barred. The Court has reviewed *Taniguchi*, and finds no language in that case that overrules prior Tenth Circuit and District of Kansas caselaw holding that "a prevailing party may recover the costs of both videotaping and transcribing depositions when both are 'necessarily obtained for use in the case.'"[15] Defendant acknowledges that the videotaped

---

[10] 28 U.S.C. § 1920(2).

[11] 558 F.3d at 1148 (quoting *Callicrate v. Farmland Indus., Inc*., 139 F.3d 1336, 1340 (10th Cir. 1998)). Defendant's cited authority, *Valdez v. Macdonald*, relies on this case in reciting the standard. 66 F.4th at 837.

[12] *In re Williams*, 558 F.3d at 1148 (citing *Callicrate,* 139 F.3d at 1340).

[13] *Id.* (citing *Callicrate*, 139 F.3d at 1340).

[14] 566 U.S. at 572.

[15] *AgJunction LLC v. Agrian Inc.*, No. 14-CV-2069-DDC-KGS, 2016 WL 3031088, at *5 (D. Kan. May 27, 2016) (collecting cases); *see also, e.g.*, *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997) (holding that the costs of both a written and videotaped deposition are recoverable if each has "a legitimate use

deposition of Erion was played during trial. And Plaintiff also spent $255.00 in fees to sync the transcript with the video. The Court finds that both Erion's videotaped and written deposition were properly taxed by the Clerk.

Defendant next argues that Plaintiff is not entitled to fees for Jakel's or Trooper Horney's depositions because they were not offered into evidence at trial. Jakel testified live at trial, and his deposition was merely used for impeachment. Trooper Horney did not testify live or by deposition. But Plaintiff reads the Tenth Circuit's standards too narrowly. As the court has explained, "all § 1920 requires is that the generation of taxable materials be 'reasonably necessary for use in' the case 'at the time the expenses were incurred.'"[16] Therefore, a "rule that permits costs only for depositions received in evidence or used by the court in ruling upon a motion for summary judgment is narrower than section 1920."[17] It is true that "the most direct evidence of 'necessity' is the actual use of materials," but if they "are reasonably necessary for use in the case although not used at trial, the court is nonetheless empowered to find necessity and award costs."[18]

Given this authority, the Court rejects Defendant's contention that the Jakel and Horney depositions must have been actually offered into evidence at trial in order to be taxable. Whether Jakel would testify live or by deposition was an issue before trial, and Plaintiff was prepared to play his videotaped deposition if he was unavailable to testify. As Defendant acknowledges, Plaintiff used the deposition transcript for impeachment purposes. Given his status as a party in

---

independent from or in addition to the [other] which would justify its inclusion in an award of costs."). Indeed, the Supreme Court in *Taniguchi* construed a different category of taxable costs under § 1920—"compensation of interpreters." 566 U.S. at 566.

[16] *In re Williams*, 558 F.3d at 1149 (quoting *Callicrate,* 139 F.3d at 1340).

[17] *Id.* (quoting *Merrick v. N. Nat. Gas Co*., 911 F.2d 426, 434 (10th Cir.1990)).

[18] *Hetronic Int'l, Inc. v. Hetronic Ger. GmbH*, No. 21-6019, 2021 WL 5023323, at *3 (10th Cir. Oct. 29, 2021) (quoting *Callicrate,* 139 F.3d at 1340).

this case, it was reasonably necessary for Plaintiff to incur the expense of taking his deposition at the time the expense was incurred. Likewise, Trooper Horney's deposition was reasonably necessary for use in the case, even though it was not used at trial. Trooper Horney prepared a report at the conclusion of the Kansas Highway Patrol's CHART team investigation and forensic map of the collision giving rise to the claims tried in the case.[19] Defendant relied on this report in moving for summary judgment. Given the central role it played in the facts of the case, at the time the deposition expenses were incurred, they were reasonably necessary for use in the case.

Accordingly, the Court overrules and denies Defendant's objections to the Clerk's determination of taxable costs in the amount of $6,960.44 for transcript fees.

**B.     Witnesses**

Next, Defendant objects to the Clerk's award of fees for Plaintiff's retained expert witnesses V. Paul Herbert and Stan Andrews. The Clerk awarded statutory costs for these two witnesses under 28 U.S.C. § 1821 for their attendance at trial, as well as for subsistence and mileage, in the amount of $2,967.04. According to Defendant, these costs should only be awarded for non-expert witnesses that are subpoenaed.

Defendant maintains that witness costs may not be awarded for retained experts, again relying on the sentence in *Taniguchi* that costs in general "are limited to relatively minor, incidental expenses."[20] But nothing in *Taniguchi* overrules prior Supreme Court and Tenth Circuit law interpreting this category of costs, and Defendant offers no authority to support this argument. In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, the Supreme Court held that "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's

---

[19] *See* Doc. 57 at 4 n.9.

[20] *Taniguchi.*, 566 U.S. at 573.

witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920."[21] Section 1821 provides for per diem, mileage, and subsistence costs for witnesses. Nothing in this provision, or in § 1920, prohibits these costs from being awarded for retained experts. Instead, the statute provides that: "a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section."[22] *Crawford* held that a district court does not have discretion to exceed the limits of § 1821 for expert witness fees where the expert is not court-appointed, and the Tenth Circuit has followed suit.[23] Here, the Clerk properly applied the statutory fees permitted under § 1821 to these two retained experts. Defendant's objection is therefore overruled and denied.

### C. Copies

The Clerk awarded Plaintiff $4,583.99 in costs for copy fees. Defendant objects to the extent Plaintiff seeks to recover fees associated with her retained experts' preparation of expert reports. Defendant contends that Plaintiff's award should be reduced to $3,567.00, based on the pages included in exhibit copies provided to Defendant, the Court, and the witnesses.

---

[21] 482 U.S. 437, 445 (1987).

[22] 28 U.S.C. § 1821(a).

[23] *Crawford Fitting Co.*, 482 U.S. at 442 ("We think that it is clear that in §§ 1920 and 1821, Congress comprehensively addressed the taxation of fees for litigants' witnesses. . . . We think that the inescapable effect of these sections in combination is that a federal court may tax expert witness fees in excess of the $30-per-day limit set out in § 1821(b) only when the witness is court-appointed."); *see Hull ex rel. Hull v. United States*, 978 F.2d 570, 573 (10th Cir. 1992) ("We therefore hold that the district court erred in awarding to plaintiffs expert witness fees in excess of the limits contained in section 1821."); *Cribari v. Allstate Fire & Cas. Ins. Co.*, No. 16-CV-02450, 2019 WL 8375939, at * (D. Colo. Sept. 23, 2019), *aff'd*, 861 F. App'x 693 (10th Cir. 2021) ("[E]xpert witness fees are taxable under Section 1920(3) only to the modest extent allowed by Section 1821 ($40 per day).").

The Court begins by noting that the Tenth Circuit considers the burden of justifying copy costs to not be "a high one."[24] Plaintiff only must "demonstrate . . . that, under the particular circumstances, the copies were 'reasonably necessary for use in the case.'"[25] Plaintiff has met this burden, and her original Memorandum in Support of Costs attached documentation to support the request. Defendant fails to specify the expert copy fees to which he objects. And according to the documentation submitted to the Clerk, the copy fees that were taxed only included "the cost of printing four copies of the trial exhibits in this case, . . . the Court's exhibit binders and tabs, as well as copies of Court orders, exhibit lists, instructions, and transcripts that were utilized and/or on hand for use during the course of trial."[26] The Court finds that these costs were reasonably necessary for use in the case, as they are supported by the affidavit attached to Plaintiff's Memorandum in Support of Costs. The burden therefore shifted to Defendant to overcome the presumption that these costs were not properly taxed, through an affidavit or otherwise. Defendant failed to meet that burden. Therefore, Defendant's objection to the Clerk's award of copy costs is overruled and denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's Motion to Review and Reduce Taxation of Costs (Doc. 150) is **denied**.

**IT IS SO ORDERED.**

Dated: January 16, 2024

                                                              S/ Julie A. Robinson
                                                              JULIE A. ROBINSON
                                                              UNITED STATES DISTRICT JUDGE

---

[24] *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1149 (10th Cir. 2009) (quoting *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1259 (10th Cir. 1998)).

[25] *Id.* (quoting *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1246 (10th Cir. 1998), *overruled on other grounds by Anxiter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir. 1996)).

[26] Doc. 135 at 7.